Employers' Liability Assurance Corporation, Ltd.,
Appellant, *v.* Greenfield et al.

Argued October 10, 1934.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Samuel G. Wagner,* with him *Meyer & Nunnink,* for
appellant.

*Charles H. Sachs,* of *Sachs & Caplan,* for appellee.

*A. W. Henderson* and *Moorhead & Knox,* amici curiae.

Per Curiam, November 26, 1934:

This action in replevin was to determine title to notes and bonds admitted to have been stolen from plaintiff's assured, to whom plaintiff paid the value of the property as required under its insurance liability.

The material facts in this appeal are so nearly identical with those in Gordon, Secretary of Banking, v. Mapel, 311 Pa. 523, as to bring the case within the rule there laid down and require an affirmance of the judgment. Here, as there, the uncontradicted testimony shows the property in controversy was acquired by defendant bank in due course, in good faith, before maturity, for value and without notice of any infirmity or defect in the title of the person negotiating it. The transaction was handled by the bank in the usual and customary manner in which such matters are received and disposed of. The application for the loan was presented to the board of directors on March 24, 1930, who, after making inquiry of brokers as to the market value of the bonds offered as collateral security for the loan, approved it and credited the applicant with the money, all of which was subsequently drawn out by him except the sum of $197.80, which was appropriated and applied on the loan. The first knowledge defendant had that the property had been stolen was on April 1, 1931, when the bonds matured and were presented to the obligor for redemption. Upon refusal of the bank to deliver the property to plaintiff this action followed. At the trial the court properly directed a verdict for defendant. Plaintiff appealed.

As has already been indicated, the facts disclosed by the testimony in this case bring it within the principal applied in the Mapel Case, cited above. There was an abundance of evidence that the bank obtained the instruments in good faith, and nothing to indicate the contrary. Consequently, there was no question to leave to the jury.

Judgment affirmed.